[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2011
JOHN LEY
CLERK

No. 10-13788
Non-Argument Calendar
_____

Agency No. A099-642-925


VALENTINA NIKOLAYEVNA MINAYLOVA,
IGOR VLADIMIROVICH TOKAREV,

                                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2011)

Before CARNES, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Valentina Nikolayevna Minaylova and her husband, Igor Vladimirovich Tokarev,[1] petition for review of the order of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") denial of Minaylova's application for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).[2]  On appeal, Minaylova argues that the immigration court clearly erred when it concluded that she had not established a well-founded fear of persecution in Russia on account of her religious practices.  Minaylova is an Evangelical Baptist, and she contends that the objective evidence in the record compels the conclusion that she will be unable to freely practice her religion if forced to return to Russia.  After thorough review, we deny Minaylova's petition for review.

We review the decision of the BIA as well as any portions of the IJ's opinion that the BIA expressly adopted.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  We review de novo the BIA's conclusions of law but review factual findings under the substantial evidence test.  Id.

---

[1] Tokarev was a derivative beneficiary on Minaylova's application.

[2] Minaylova does not challenge the BIA's denial of CAT relief, and therefore we do not review that finding in this proceeding.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (claims not challenged on appeal are deemed abandoned).

"Our review for substantial evidence is highly deferential." Id. at 1351. We view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision, and we will reverse findings of fact made by the BIA or the IJ only when the record compels such reversal. Id. Thus, "[t]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (quotation marks mitted). Furthermore, although the agency is required to consider all of the applicant's evidence, we do not require it to specifically address each piece of evidence that the applicant presented. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006); see generally 8 C.F.R. § 208.12(a).

Minaylova conceded that she was not persecuted before coming to the United States, and she therefore must show that she has a well-founded fear of future persecution to gain asylum. She can satisfy this burden by showing (1) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (2) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the applicant is a member. 8 C.F.R. §§ 208.13(b)(2), (b)(3)(i); see Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1202 (11th Cir. 2005). This fear must be "both subjectively genuine and objectively reasonable." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th

3

Cir. 2006). The petitioner can satisfy the subjective component through credible testimony that she genuinely fears persecution on the basis of the grounds alleged and the objective component by showing that she has a "good reason to fear future persecution." Al Najjar v. Ashcroft, 257 F.3d 1262, 1289-90 (11th Cir. 2001).

Upon review, we conclude that substantial evidence supports the BIA's order of removal. First, we cannot agree with Minaylova that the agency failed to consider all of the evidence before it. Her argument depends on drawing an inference from the BIA's failure to discuss all of the evidence presented, but we have held that neither the BIA nor the IJ has such an obligation. See Tan, 446 F.3d at 1374. Additionally, both the BIA and the IJ drew much of their information from reports issued by the State Department, which they are entitled to do. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1175 (11th Cir. 2008). Finally, while Minaylova argues that the agency was "cherry-picking" portions of the State Department reports, the substantial evidence test precludes us from re-weighing the importance attributed to a particular piece of information. See id.; see also Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1291–92 (11th Cir. 2006).

Second, the record does not compel a contrary result in this case. "The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by

non-governmental groups that the government cannot control. . . ." Ruiz, 440 F.3d at 1257. Thus, Minaylova would be entitled to asylum and withholding of removal if either the government is actually engaged in persecution, *or* if it was unable to prevent persecution by non-governmental groups. Yet the evidence she has submitted demonstrates neither.

To begin, the record shows that the Russian government does not persecute Evangelical Baptists. To be sure, there are indications in the record that the Russian government has perpetrated some harassment against religious minorities. However, we have held that harassment does not equate to persecution. See Sepulveda, 401 F.3d at 1231 (explaining that persecution is an "extreme concept"). More importantly, Minaylova's expert witness testified that the Russian government was not attacking religious minorities. As a result, no evidence shows that the government's actions support an objective fear of future prosecution.

Nor does the evidence compel the conclusion that the government cannot control persecution by non-government groups. For example, the 2008 Human Rights Report states that "[c]onditions improved for some minority religious groups while remaining largely the same for most, and government policy continued to contribute to the generally free practice of religion for most of the

population." Moreover, the Report specifically states that "harassment of evangelicals and Pentecostals . . . decreased during the year," which supports the BIA's conclusion that the Russian government is willing and able to protect an Evangelical Baptist such as Minaylova. The State Department's 2008 International Religious Freedom Report about Russia in turn echoes these findings.

The testimony of Minaylova's expert witness also supports the BIA's conclusion. The expert testified that the Russian government has prosecuted incidents of hate crimes and spoken out against those who commit them. Moreover, although he opined that conditions are deteriorating for Evangelical Baptists, the expert did not provide data to contradict the State Department's contrary findings that conditions are improving. As a result, the BIA did not err in relying on the State Department reports to the extent there was any conflict between the two sources of evidence. See Djonda, 514 F.3d at 1175 (explaining that Court will not second guess agency's reasonable weighing of competing evidence). Thus, substantial evidence supports the BIA's findings.

For these reasons, we conclude that Minaylova's evidence does not compel the conclusion that she is entitled to asylum and withholding of removal, and accordingly we deny her petition for review.

**PETITION DENIED.**